UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

In re: Anjala Charee Glenn

Debtor(s).

Chapter 13

Case No. 19-60087

**CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN**

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on January 17, 2020, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on January 21, 2020.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|---|---|---|
| Regional Finace Company of Va, LLC | as Registered Agent for CT Corporation System 4701 Cox Road Suite 285 Glen Allen, VA 23060 | US Mail |

/s/ Michael P. Regan
Counsel for Debtor(s)

13CertMailServ (12/17)

**Fill in this information to identify your case:**

Debtor 1: Anjala (First Name) Charee (Middle Name) Glenn (Last Name)

Debtor 2:
(Spouse, if filing) First Name / Middle Name / Last Name

United States Bankruptcy Court for the: Western District Of: Virginia (State)

Case number: 19-6
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$ 200.00    per month    for 12    months

[and $ 265.00    per month    for 48    months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds.**

*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as follows:

_____

2.4 **Additional payments.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

[enter source]     $ 0.00     [anticipated dt]

2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ $15,120.00

**Part 3:    Treatment of Secured Claims**

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including | Amount of arrearage (If any) | Interest rate on arrearage (If applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| | | $ _____ Distributed by: ☐ Trustee ☐ Debtor(s) | $ _____ | _____ % | $ _____ | $ _____ |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments | |
|---|---|---|---|---|---|---|---|---|---|
| Regional Finace Company of Va, LLC | $ | See Exhibit B | $ 1,050.00 | $ | $ 2,176.57 | 6.00 % | $ 24.66 | $ 1,226.40 | |

*Insert additional claims as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Consumer Portfolio Services, Inc. | 2013 Volkswagen | $ 3,024.48 | 6.00 % | $ 72.50<br><br>Distributed by:<br>☑ Trustee<br>☐ Debtor(s) | $ 4,350.00 |

3.4 **Lien avoidance.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

   **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

   ☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor<br><br>Collateral<br><br>Lien identification (such as judgment date, date of lien recording, book and page number) | a. Amount of Lien<br>b. Amount of all other liens<br>c. Value of claimed exemptions<br>d. Total of adding lines a, b, and c<br>e. Value of debtor(s)' interest in property<br>f. Subtract line e from line d.<br><br>Extent of exemption impairment (Check applicable box):<br>☑ Line f is equal to or greater than line a<br>The entire lien is avoided. (Do not complete the next column.)<br>☐ Line f is less than line a.<br>A portion of the lien is avoided. (Complete the next column.) | $ _____<br>$ _____<br>+ $ _____<br>$ 0.00<br>- $ _____<br>$ 0.00 | Amount of secured claim after avoidance (line a minus line f)<br>$ _____<br>Interest rate (if applicable)<br>_____ %<br>Monthly payment on secured claim<br>$ _____<br>Estimated total payments on secured claim<br>$ _____ |

   *Insert additional claims as needed.*

3.5 **Surrender of collateral.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   ☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
|  |  |

   *Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10.000 % of plan payments; and during the plan term, they are estimated to total $ 1,512.00.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $ 3,910.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

Check one.

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☑ The debtor(s) estimate the total amount of other priority claims to be $ 2,047.23.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  | $ |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ _____.

☑ 10.000 % of the total amount of these claims, an estimated payment of $ 1,500.00.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

*Insert additional claims as needed.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| | | $ _____ | _____ % | $ _____ |

*Insert additional claims as needed.*

### Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | | $ _____ |

*Insert additional contracts or leases as needed*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed Items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ |  | $ _____ |

*Insert additional contracts or leases as needed*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☑ plan confirmation.

☐ entry of discharge.

☐ other: _____.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

> Please see Exhibit A and Exhibit B. Everything paid Pro-Rat - IRS, Treasurer Pittsylvania County with 10 percent interest and Virginia Dept of Taxation

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X /s/ Anjala Charee Glenn
Signature of Debtor 1

Signature of Debtor 2

Executed on 01 / 17 / 2020
         MM / DD / YYYY

Executed on
         MM / DD / YYYY

X /s/ Michael P. Regan
Signature of Attorney for Debtor(s)

Date   01 / 17 / 2020
         MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

EXHIBIT A TO PLAN

**ATTENTION ALL SECURED CREDITOR LISTED IN PART 3.1**

- Please take notice that the debtor intends to continue to make regular payments on your Secured Debt. Accordingly, you, the Secured Creditor Referenced above in Part 3.1, shall send monthly Mortgage/Automobile Statements consistent with your prepetition practice. Sending such statements shall not be considered by the debtors to be a violation of the Automatic Stay.

- Any fees, expenses, or charges accruing on claims set forth in Section 3.1 of this Plan which are noticed to the debtors pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtors' plan to pay them. Instead, any such fees, expenses, or charges shall, if allowed, be payable to the debtors outside the Plan unless the debtor chooses to modify the plan to provide for them.

- If Trustee is paying the mortgage please see Exhibit B to Plan.

**ATTENTION ALL SECURED CREDITOR LISTED IN PART 3.2 and 3.3 [ADEQUATE PROTECTION PAYMENTS]**

- The debtors purpose to make adequate protection payments other than as provided in Local Rule 4001-2. Unless Otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.

**ATTENTION ALL SECURED CREDITOR LISTED IN PART 3.3**

- Trustee is authorized to pay any arrearages in any unanticipated cases when the debtor is paying the Secured debt.

**ATTENTION ALL SECURED CREDITOR LISTED IN PART 3.5**

- Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Part 3.5 of this Plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the date of the first confirmation order confirming a plan providing fore the surrender of collateral, (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from Automatic Stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and proceeds applied, in accordance with applicable State law.

Treatment and Payment of Claims

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor maybe treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in the case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust monthly disbursement amount as needed to pay an allowed secured claim.

*EXHIBIT B* (handwritten)

**EXHIBIT A**
**TO**
**PROMISSORY NOTE AND SECURITY AGREEMENT**

| Name and Address of Borrower: | Name and Address of Co-Borrower: |
|---|---|
| ANJALA C GLENN<br>3075 S BOSTON HWY RINGGOLD VA, 24586-2513 | |

| Date: 10/31/2019 | Account Number: 022000528839 | Prior Account Number (if any): 022000369099 |
|---|---|---|

This document is Exhibit A to the Promissory Note and Security Agreement (the "Note"), dated as of even date herewith, between Regional Finance Company of Virginia, LLC and the Borrower(s) identified above. This Exhibit A is incorporated into and made part of the Note. The words "you," "your," and "yours" refer to the Borrower(s). The words "we," "us," "our," and "Lender" refer to Regional Finance Company of Virginia, LLC.

**DESCRIPTION OF PROPERTY GIVEN AS SECURITY.** To secure the Note, you grant us a security interest under the Uniform Commercial Code of Virginia in: (1) the property described in the table below; (2) anything that becomes attached to such property; and (3) in all proceeds of such property. You acknowledge that you are the sole owner of the property described below, that the property is fully paid for, free of any liens and encumbrances, and that it is located at the address(es) shown above. You will not permanently remove the property from the address(es) set forth above or otherwise dispose of the property without our written consent or until the Note is satisfied in full.

| Quantity | Item and Description | Value | Quantity | Item and Description | Value |
|---|---|---|---|---|---|
| 1 | Riding Lawn Mower: LAWN TRACTOR | 1,200.00 | 1 | Gas Weed Eater / Edger: CRAFTSMAN | 200.00 |
| 1 | Jewelry (except wedding ring): 14K GOLD NECKLACE *Husband's* | 1,000.00 | 1 | Television (Excess Of 1): VIZIO 25' 4 OF 5 *(works)* | 200.00 *4yo $100* |
| 1 | Television (Excess Of 1): SAMSUNG 52' 1 OF 5 *works* *POS* | 700.00 | | | |
| 1 | Jewelry (except wedding ring): 10K GOLD NECKLACE *Husband's* | 600.00 | | | |
| 1 | Television (Excess Of 1): SAMSUNG 42' 2 OF 5 *works* | 500.00 | 0 | | *5yo $125* |
| 1 | Television (Excess Of 1): VIZIO 42' 3 OF 5 | 500.00 | 9yo | | $125 |
| 1 | Video game system XBOX ONE *Husband's* | 500.00 | 0 | | $50 |
| 1 | Laptop Computer: ACER | 400.00 | | *Broken* 0 | |
| 1 | Jewelry (except wedding ring): 10K GOLD BRACELET *W. Fe's* | 400.00 | | | $200 |
| 1 | Stereo Equipment: SONY *Husband's* | 300.00 | | 20yo $100 | |

---

**RIVERSIDE PAWN CO., INC.**
2384 RIVERSIDE DR.
DANVILLE, VA 24541

(434) 792-7296

**Pawn**

*Not Pawned - Just needed it Appraised* (handwritten)
*Anjala Glenn  1-17-2020* (signature)
*NOT Pawned!* (handwritten)

| Customer #3757001 | Sex: F | #: 172580 |
|---|---|---|
| ANJALA CHAREE GLENN | Race: B | Page: 1 of 1 |
| 3075 SOUTH BOSTON HWY. | Height: 5' 2" | Date: 01/17/2020 |
| RINGGOLD, VA 24586 | Weight: 130 | EMP: DB |
| | Hair: BLACK | |
| ID: VA Drivers License | Eyes: BROWN | |
| ID#: T60 22 2726 | DOB: 10/11/1988 | |

**DUE DATE** 02/16/2020

| ITEM | DESCRIPTION: You are giving a Security Interest in the below pledged property. | AMOUNT |
|---|---|---|
| CHAIN/CHARM | CHAIN/CHARM JEWELRY  na, #na, 10KT, 5.80 DWT; 10K gold chain | 100.00 |
| CHAIN | CHAIN JEWELRY  na, #na, 10KT, 18.82 DWT; Think 10K gold chain | 200.00 |
| BRACELET | BRACELET JEWELRY  na, #na, 10KT, 3.00 DWT; 10K heart bracelet | 50.00 |

*Values* (handwritten)

*+ 700 From above*
*$1,050 at 6% =*
*29.66 x 48* (handwritten)

| Interest Fee | + | Storage Charge | + | ERM Fee | = | Finance Charge | PAYMENT SCHEDULE: Total of Payments is due on Due Date shown above. | AMOUNT FINANCED. The amount of cash given directly to you. | 350.00 |
|---|---|---|---|---|---|---|---|---|---|
| 17.50 | | 17.50 | | 3.00 | | 38.00 | PREPAYMENT: If you pay off early, you will not be entitled to a refund of part of the Finance Charge. | FINANCE CHARGE. The dollar amount the credit will cost you. *appraisal fee* | 38.00 |

I, the Pledgor, represent and warrant that the pledged property is not stolen, rented or leased and that there are no liens or encumbrances against the property. I also attest to be the rightful owner of the pledged property, and that I have the right to pledge this property.

By signing, I am stating that I agree to all terms and conditions on the front and back and acknowledge receipt of a copy of this agreement.

**Fill in this information to identify your case:**

Debtor 1: Anjala Charee Glenn

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA

Case number (If known): 20-60087

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____ MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | Customer Service Rep | Unemployed |
| Employer's name | | |
| Employer's address | | |
| How long employed there? | | 1 month |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 2,475.84 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 2,475.84 | $ 0.00 |

Official Form 106I                    Schedule I: Your Income                    page 1

Debtor 1  Anjala Charee Glenn                                              Case number (if known) 20-60087

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. $ | 2,475.84 | $ 0.00 |

5. List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 316.65 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. $ | 184.27 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. $ | 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. $ | 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: VRS | 5h.+ $ | 98.92 | + $ 0.00 |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6. $ 599.84    $ 0.00
7. Calculate total monthly take-home pay. Subtract line 6 from line 4.  7. $ 1,876.00   $ 0.00

8. List all other income regularly received:
   8a. Net income from rental property and from operating a business, profession, or farm
       Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a. $ 0.00    $ 0.00
   8b. Interest and dividends    8b. $ 0.00    $ 0.00
   8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
       Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c. $ 0.00    $ 0.00
   8d. Unemployment compensation    8d. $ 0.00    $ 0.00
   8e. Social Security    8e. $ 0.00    $ 0.00
   8f. Other government assistance that you regularly receive
       Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
       Specify: _____    8f. $ 0.00    $ 0.00
   8g. Pension or retirement income    8g. $ 0.00    $ 0.00
   8h. Other monthly income. Specify: _____    8h.+ $ 0.00    + $ 0.00

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9. $ 0.00    $ 0.00

10. Calculate monthly income. Add line 7 + line 9.    10. $ 1,876.00 + $ 0.00 = $ 1,876.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in Schedule J.
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
    Specify: _____    11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies.    12. $ 1,876.00
    Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
    ☐ No.
    ■ Yes. Explain: Husband in protracted hyperthyroidism diagnosis period

Official Form 106I                    Schedule I: Your Income                    page 2

**Fill in this information to identify your case:**

Debtor 1: Anjala Charee Glenn

Debtor 2:
(Spouse, if filing)

United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA

Case number: 20-60087
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                                                 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?    ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes. Fill out this information for each dependent.

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?    ■ No   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ 700.00

   If not included in line 4:

   4a. Real estate taxes                                         4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance             4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses            4c. $ 0.00
   4d. Homeowner's association or condominium dues              4d. $ 0.00
5. Additional mortgage payments for your residence, such as home equity loans    5. $ 0.00

Official Form 106J                        Schedule J: Your Expenses                        page 1

Debtor 1  Anjala Charee Glenn     Case number (if known)  20-60087

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 160.00
   - 6b. Water, sewer, garbage collection — 6b. $ 0.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 60.00
   - 6d. Other. Specify: — 6d. $ 0.00
7. **Food and housekeeping supplies** — 7. $ 237.00
8. **Childcare and children's education costs** — 8. $ 0.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 0.00
10. **Personal care products and services** — 10. $ 0.00
11. **Medical and dental expenses** — 11. $ 151.67
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 0.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 0.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 0.00
    - 15b. Health insurance — 15b. $ 0.00
    - 15c. Vehicle insurance — 15c. $ 168.00
    - 15d. Other insurance. Specify: — 15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ 0.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 0.00
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. **Other:** Specify: Husbands Kids joint custody expense for 10 & 12 yo — 21. +$ 200.00

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ 1,676.67
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ 1,676.67

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ 1,876.00
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ 1,676.67
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ 199.33

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes.   Explain here:

CASH 2-U FINANCIAL SERVICES  
2450 RIVERSIDE DR. #D  
DANVILLE, VA 24540  

CASH NET USA  
175 W. JACKSON BLVD., 4SUITE 1000  
CHICAGO, IL 60604  

CCS  
P.O. BOX 55126  
BOSTON, MA 02205-5126  

CELTIC BANK CORP  
268 S STATE ST  
SUITE 300  
SALT LAKE CITY, UT 84111-5314  

CONSUMER PORTFOLIO SERVICES, INC.  
P.O. BOX 98768  
PHOENIX, AZ 85038-0768  

DANVILLE DENTAL ASSOCIATES  
770 PINEY FOREST ROAD  
DANVILLE, VA 24540  

IRS  
P.O. BOX 7346  
PHILADELPHIA, PA 19101  

MONEYLION, INC.  
P.O. BOX 1547  
SANDY, UT 84091-1547  

ONE MAIN  
1155 PINEY FOREST ROAD  
DANVILLE, VA 24540-1590  

PORTFOLIO RECOVERY ASSOCS, LLC  
P.O. BOX 12914  
NORFOLK, VA 23541  

PROGRESSIVE LEASING  
5651 W. TALAVIA BLVD  
GLENDALE, AZ 85306

Glenn, Anjala - 20-60087


REGIONAL FINACE COMPANY OF VA, LLC
4701 COX ROAD
SUITE 285
GLEN ALLEN, VA 23060


REGIONAL FINANCE
165 HOLT GARRISON PARKWAY, UNIT 560B
DANVILLE, VA 24540


SCHEWEL FURNITURE CO., INC.
126 SANDY COURT, SUITE A
DANVILLE, VA 24541


TREASURER PITTSYLVANIA COUNTY
P.O. BOX 230
CHATHAM, VA 24531


VIRGINIA DEPT OF TAXATION
P.O. BOX 1498
RICHMOND, VA 23218-1498